IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re:<br><br>KENTUCKIANA MEDICAL CENTER, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 19-90617-AKM-7 |

**TRUSTEE'S MOTION TO COMPROMISE AND
SETTLE AVOIDANCE CLAIM AGAINST TELEFLEX MEDICAL INCORPORATED
AND ARROW INTERNATIONAL, INC.**

Kathryn L. Pry, the chapter 7 trustee in this case (the "Trustee"), by counsel, requests entry of an order, pursuant to 11 U.S.C. §§ 105 and 363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing the Trustee to compromise and settle a certain avoidance claim against Teleflex Medical Incorporated and Arrow International, Inc. (collectively, "Teleflex") on the following grounds:

## I. JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

4. On April 23, 2019, Jeffrey A. Campbell MD, Physicians Primary Care, LLC, Eli Hallal MD and Renato LaRocca MD (together, the "Petitioning Creditors") filed an involuntary

petition under chapter 7 of the Bankruptcy Code against Kentuckiana Medical Center, LLC (the "Debtor").

5. On May 9, 2019, pursuant to the *Order Granting Emergency Motion of Petitioning Creditors Under 11 U.S.C. §§ 105(a) and 303(g) for Order Directing Appointment of Interim Trustee* [Doc 17] and the *Appointment of Trustee* [Doc 18], the Trustee was appointed as the interim trustee in this case, pursuant to section 303(g) of the Bankruptcy Code, over the Debtor's accounts receivables and causes of action.

6. On May 23, 2019, pursuant to the *Order for Relief in an Involuntary Case and Order to Complete Filing* (the "Order for Relief") [Doc 29] and with the consent of the Debtor, the Court granted the Petitioning Creditors' request for an order for relief under chapter 7 of the Bankruptcy Code and the Trustee was appointed the interim trustee in this case over all assets of the Debtor's bankruptcy estate pursuant to section 701(a)(1) of the Bankruptcy Code. In accordance with section 702(d) of the Bankruptcy Code the Trustee became the permanent case trustee on July 29, 2019 following the conclusion of the meeting of creditors held pursuant to section 341(a) of the Bankruptcy Code.

7. The Trustee previously made a demand against Teleflex to avoid and recover, pursuant to chapter 5 of the Bankruptcy Code, pre-petition transfers received by Teleflex from the Debtor in the total amount of $22,815.17 (the "Avoidance Claim").

### III.  SETTLEMENT

8. The Trustee and Teleflex have engaged in settlement discussions regarding resolution of the Avoidance Claim, resulting in the proposed settlement terms embodied in the *Settlement Agreement and Mutual Release* (the "Settlement Agreement") attached and incorporated as **Exhibit 1**.

9. The pertinent terms of the Settlement Agreement are as follows:

   (a) In full and final settlement of the Avoidance Claim, Teleflex will pay the Trustee the sum of $15,000.00
   (b) Teleflex shall waive any and all claims and/or claims for administrative expenses it may have, asserted or unasserted, against the Debtor or the Debtor's bankruptcy estate, including but not limited to any filed proof of claim and right it may have under section 502(h) of the Bankruptcy Code to file a proof of claim (or to increase the amount set forth in an existing proof of claim) in the amount of the settlement payment. Furthermore, Teleflex shall withdraw any filed proof of claim or pending application for payment of administrative expense and shall not receive any distribution of any kind from the Debtor's bankruptcy estate in connection with this case.
   (c) The Settlement Agreement provides for mutual global releases by the Trustee and Teleflex, and a release of Teleflex's affiliates solely as to the Avoidance Claim.

## IV.  RELIEF REQUESTED

10. The Trustee requests entry of an order, substantially in the form attached as **Exhibit 2**, (a) approving the terms of the Settlement Agreement, (b) authorizing the Trustee to enter into the Settlement Agreement, and (c) directing that the Court shall retain exclusive jurisdiction as to the Settlement Agreement.

## V.  GROUNDS FOR GRANTING RELIEF

11. A court may authorize a trustee to enter into a settlement so long as it is a sound exercise of the trustee's business judgment. *See* 11 U.S.C. § 363(b); *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006) (use under section 363 of the Bankruptcy Code must "[make] good business sense"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (section 363 involves exercise of fiduciary duties and requires an "articulated business justification"); *see also In re Olde Prairie Block Owners, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill. 2011) (same). Moreover, when applying the "business judgment" standard to a use of estate property under section 363 of the Bankruptcy Code, a trustee's judgment is "entitled to great judicial deference as long as a

3

sound business reason is given." *See In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012).

12. Similarly, Bankruptcy Rule 9019(a) permits a bankruptcy court to approve a trustee's "compromise or settlement" after notice and a hearing, if such settlement is "fair and equitable . . . and in the best interests of the bankruptcy estate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994); *see also In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interest of the estate."); *In re Smith*, No 02-16450-JKC-7A, 2008 Bankr. LEXIS 2821, *6 (Bankr. S.D. Ind. Sept. 10, 2008) (same). Settlements should be approved unless "the settlement 'falls below the lowest point in the range of reasonableness.'" *In re Commercial Loan Corp.*, 316 B.R. 690, 698 (Bankr. N.D. Ill. 2004) (quoting *Energy Co-op.*, 886 F.2d at 929); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *see also In re Artra Grp., Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003). Settlements and compromises are favored in bankruptcy because they expedite case administration and reduce unnecessary administrative costs. *Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000). In determining whether a compromise is in the best interests of the estate, the Court must compare "the settlement's terms with the litigation's probable costs and probable benefits." *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *see also Doctors Hosp.*, 474 F.3d at 426 ("Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." (internal quotation marks and citations omitted); *Commercial Loan*, 316 B.R. at 697 (holding that relevant factors a bankruptcy court should consider in approving a

4

settlement include "the litigation's probability of success, its complexity, and its 'attendant expense, inconvenience and delay'" (quoting *Am. Reserve Corp.*, 841 F.2d at 161)).

13. The Trustee has determined the settlement terms based on the risk and expense to the Debtor's bankruptcy estate if the Avoidance Claim was litigated. Based upon this consideration and the Trustee's business judgment, the Trustee respectfully submits that the proposed settlement terms are fair, equitable, in the best interest of the Debtor's bankruptcy estate and within the range of reasonableness for approval under Bankruptcy Rule 9019(a).

## VI. NOTICE

14. A copy of this motion, along with the attached exhibits, will be sent to the following: (a) the United States Trustee; (b) the Debtor's counsel; (c) counsel for Teleflex(d) Teleflex; and (e) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee will file a separate objection notice for this motion. In accordance with Bankruptcy Rule 2002(a)(3), Bankruptcy Rule 9019(a), S.D. Ind. B-9019-1(a) and S.D.Ind. B-2002-1(c), such notice will be provided to the United States Trustee, the Debtor's counsel, counsel for Teleflex, Teleflex, those parties who have requested notice pursuant to Bankruptcy Rule 2002, and creditors who have filed claims.

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form attached as **Exhibit 2**, granting the relief requested herein and granting the Trustee all other just and proper relief.

Respectfully submitted,

MULVEY LAW LLC

Dated: <u>April 29, 2021</u>     <u>*/s/ Joseph L. Mulvey*</u>
Joseph L. Mulvey

Joseph L. Mulvey, Esq.
133 W. Market St., No. 274
Indianapolis, IN 46204
Telephone: (317) 731-1339
Email: joseph@mulveylawllc.com

*Special Counsel for Kathryn L. Pry, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021 a copy of the foregoing *Trustee's Motion to Compromise and Settle Avoidance Claim Against Teleflex Medical Incorporated and Arrow International, Inc.* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Wendy D Brewer   wbrewer@fmdlegal.com, cbellner@fmdlegal.com
Deborah Caruso   dcaruso@rubin-levin.net, dwright@rubin-levin.net;csprague@rubin-levin.net;atty_dcaruso@bluestylus.com
Jerry Avan Garau   jgarau@g-glawfirm.com
James R. Irving   james.irving@dentons.com, gina.young@dentons.com;jeanette.henson@dentons.com;smays@bgdlegal.com;jhenson@bgdlegal.com
Jackson Taylor Kirklin   taylor.kirklin@usdoj.gov, melanie.crouch@usdoj.gov
David R. Krebs   dkrebs@hbkfirm.com, dadams@hbkfirm.com
James P Moloy   jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
Ronald J. Moore   Ronald.Moore@usdoj.gov
Joseph L. Mulvey   joseph@mulveylawllc.com
Lindsay N. Popejoy   lindsay@theclinelawfirm.com
Hans Poppe   hans@poppelawfirm.com
Kathryn L. Pry   kpry.trustee@gmail.com, IN36@ecfcbis.com
Daniel Tysen Smith   tysmith@forthepeople.com
William E Smith   wsmith@k-glaw.com, clipke@k-glaw.com
Meredith R. Theisen   mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net;csprague@rubin-levin.net
U.S. Trustee   ustpregion10.in.ecf@usdoj.gov
April A Wimberg   april.wimberg@dentons.com, jhenson@bgdlegal.com;smays@bgdlegal.com

      I further certify that on April 29, 2021, a copy of the foregoing *Trustee's Motion to Compromise and Settle Avoidance Claim Against Teleflex Medical Incorporated and Arrow International, Inc.* was mailed by first-class U.S. Mail, postage prepaid, or electronic mail as indicated and properly addressed to the following:

| | |
|---|---|
| Teleflex Medical Incorporated<br>3015 Carrington Mill Blvd.<br>Morrisville, NC 27560 | John Emmanuel<br>John.Emmanuel@bipc.com<br>*Counsel for Teleflex Medical Incorporated and Arrow International, Inc.* |
| Arrow International, Inc.<br>Corporation Service Company<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC  27608 | |

                                               */s/ Joseph L. Mulvey*
                                               Joseph L. Mulvey